# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-10368
Summary Calendar

FREDDIE MONROE PICKETT,

Plaintiff–Appellant,

v.

STATE OF TEXAS; DAVID W. VERNON, Assistant District Attorney;
WILLIAM W. SEIGAN, Director; GLENDA RICKMAN, Custodian of Records;
RISSI OWENS,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-00594

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Freddie Pickett, a Texas state prisoner, appeals the district court's dismissal of his complaint seeking relief under 42 U.S.C. § 1983. Pickett, proceeding pro se and *in forma pauperis*, sued the State of Texas and four officials for problems connected with his parole release date. Pickett alleges that the defendants conspired together to alter documents to change his parole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discharge date from April 2003 to April 2004. He contends that as a result, he was falsely imprisoned for 21 months. The district court dismissed his complaint on statute-of-limitations grounds.

We review the district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim de novo.[1] To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face."[2] A district court may *sua sponte* dismiss a complaint under § 1915 if it is clear from the complaint that the claims are time-barred.[3]

Because there is no federal statute of limitations for § 1983 claims, the forum state's personal-injury limitations period applies.[4] In Texas, the relevant limitations period is two years.[5] Federal law, however, governs when Pickett's claims accrued.[6] Under federal law, a § 1983 claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of the action."[7]

The district court correctly determined that Pickett's claims are time-barred. Pickett filed his complaint on October 3, 2008, and thus his claims would be timely only if they accrued on or after October 3, 2006. Pickett alleges that his parole discharge date was altered in documents during a July 15, 2004 parole hearing and in a March 29, 2005 affidavit. The allegations provide no

---

[1] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[3] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[4] *Harris*, 198 F.3d at 156-57.

[5] TEX. CIV. PRAC. & REM. CODE § 16.003(a).

[6] *Harris*, 198 F.3d at 157.

[7] *Id.* (internal quotation marks and citation omitted).

suggestion that Pickett did not know of the purported alterations until on or after October 3, 2006, and moreover, Pickett acknowledges that he contacted a clerk with the Texas Court of Criminal Appeals about the alleged alterations on August 5, 2005. In addition, Pickett has presented no plausible argument as to why the statute of limitations should have been tolled, and we have found no grounds for equitable tolling in the complaint.

Pickett's appeal is without arguable merit and is DISMISSED as frivolous.[8] The district court's dismissal of Pickett's complaint and this court's dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g).[9] Because Pickett has previously received two strikes as a result of this court's dismissal of his appeal in *Pickett v. Slawson*,[10] he is therefore barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[11]

\*     \*     \*

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

---

[8] *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[9] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[10] 326 Fed. App'x 204 (5th Cir. 2009).

[11] *See* 28 U.S.C. § 1915(g).