473 F.3d 440
 Injah E. TAFARI, Plaintiff-Appellant,
v.
William HUES, C.O. R. Fortes, C.O. S. Barto, Lt. Nagy, FDS Blinden, Brenda Schneider, William Russett, George Schneider, A. Esparra, Owen Schneider, DSA Haponik, Christopher Artuz, Glen S. Goord, Defendants-Appellees.
 Docket No. 05-0958-PR.
 United States Court of Appeals, Second Circuit.
 Argued: September 14, 2006.
 Decided: January 4, 2007.
 
 David A. O'Neil, Wilmer Cutler, Pickering Hale and Dorr, LLP, New York, New York,(Noah A. Levine, on the brief), for Plaintiff-Appellant.
 David Lawrence III, Assistant Solicitor General of the State of New York, New York, NY, (Michael S. Belohlavek, Senior Counsel, Division of Appeals & Opinions, for Eliot Spitzer, Attorney General of the State of New York, on the brief), for Defendants-Appellees.
 Before McLAUGHLIN, SOTOMAYOR, and KATZMANN, Circuit Judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 Indigent or otherwise disadvantaged litigants are afforded a certain degree of leeway in the American court system, whether in the form of relaxed pleading standards for pro se litigants or the waiver of filing fees for those unable to afford them. However, the courts' generosity has its limits.
 
 
 2
 Frivolous litigation, for example, is precisely the sort of mischief that the courts will not abide. That in mind, we must exercise great care in labeling a certain action or argument as frivolous, for doing so often carries grave consequences.
 
 
 3
 This appeal raises the narrow question whether an interlocutory appeal brought by a pro se litigant prior to the entry of a final judgment below is "frivolous" for the purposes of revoking in forma pauperis status under 28 U.S.C. § 1915(g), the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996). We hold that it is not.
 
 BACKGROUND
 
 4
 In September 2000, Injah E. Tafari, an inmate at Eastern Correctional Facility, filed a 42 U.S.C. § 1983 complaint in the United States District Court for the Southern District of New York (Conner, J.), alleging mistreatment by various employees of the Green Haven Correctional Facility, where Tafari was previously incarcerated. The district court granted Tafari in forma pauperis ("IFP") status, but dismissed his claims without prejudice to refiling after Tafari exhausted his administrative remedies.
 
 
 5
 By May 2004, Tafari had exhausted his administrative remedies and re-filed his complaint. The district court again granted Tafari's request to proceed IFP.
 
 
 6
 In December 2004, the defendants requested that the district court revoke Tafari's IFP status pursuant to 28 U.S.C. § 1915(g). Section 1915(g) provides in pertinent part: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding . . . if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted. . . ."
 
 
 7
 The defendants cited 4 dismissals as grounds for their request: (1) Tafari v. Moscicki, No. 01-0035 (2d Cir. Aug. 8, 2001); (2) Tafari v. Aidala, No. 00-Civ-405 (W.D.N.Y. Sept. 28, 2001); (3) Tafari v. Aidala, No. 01-0279 (2d Cir. Apr. 5, 2002); and (4) Tafari v. Hues, No. 00-Civ-7282 (S.D.N.Y. Jan. 29, 2003).
 
 
 8
 (1) In Tafari v. Moscicki, No. 01-0035 Tafari appealed the district court's dismissal of all of his claims against certain defendants for failure to state a claim. This Court dismissed the appeal sua sponte because it lacked jurisdiction to review a non-final order.
 
 
 9
 (2) In Tafari v. Aidala, No. 00-Civ-405, the district court granted the defendants' motion to dismiss the complaint with prejudice for failure to state a claim and certified that any appeal taken would not be in good faith.
 
 
 10
 (3) In Tafari v. Aidala, No. 01-0279, this Court dismissed Tafari's appeal from the immediately aforementioned judgment sua sponte, holding that it was frivolous.
 
 
 11
 (4) Lastly, in Tafari v. Hues, No. 00-Civ-7282, the district court dismissed Tafari's complaint without prejudice for failure to exhaust administrative remedies, as noted above.
 
 
 12
 The district court agreed that all four of the aforementioned dismissals qualified as strikes under § 1915(g) and revoked Tafari's IFP status. Tafari objected, arguing that the dismissal in Hues did not qualify as a strike because it was based on a remediable failure to exhaust administrative remedies. The district court agreed with Tafari but nevertheless reasoned that "even without counting this prior dismissal [in Hues] as a strike, plaintiff still has three strikes against him." Relying on the remaining three dismissals in lieu of Hues, the district court below revoked Tafari's IFP status, holding that "the dismissal of an interlocutory appeal by a Court of Appeals is a dismissal on the ground that the appeal is frivolous, and therefore counts as a strike in the [§ 1915(g)] context." Tafari then moved for reconsideration, to no avail.
 
 
 13
 In February 2005, the district court dismissed Tafari's complaint for failure to pay the filing fee. Tafari filed a timely notice of appeal on the sole issue of whether a dismissal for lack of appellate jurisdiction over a non-final order, like that in Moscicki, is a strike under § 1915(g). In August 2005, this Court granted Tafari IFP status for the purposes of this appeal and ordered the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) "because the issues raised are important and unresolved."
 
 DISCUSSION
 
 14
 The district court's decision that a certain type of dismissal constitutes a "strike" for purposes of § 1915(g) is an "interpretation of a federal statute . . . which [this Court] review[s] de novo." U.S. v. Edwards, 960 F.2d 278, 281 (2d Cir.1992).
 
 
 15
 "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of the language accurately expresses the legislative purpose." Park `N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985). A dismissal triggers § 1915(g) only if the action or appeal is "frivolous," "malicious," or "fails to state a claim upon which relief may be granted." The phrase "fails to state a claim upon which relief may be granted" is an explicit reference to Fed. R.Civ.P. 12(b)(6), which is not implicated here. See, e.g., Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.2005) ("[T]he phrase `fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, `parallels the language of Federal Rule of Civil Procedure 12(b)(6).'"). Similarly, prematurity alone does not render an appeal "malicious." See, e.g., id. ("A case is malicious if it was filed with the intention or desire to harm another." (internal quotation marks omitted)). Thus, we are faced only with the narrow issue of whether the premature filing of an appeal is "frivolous" for the purposes of § 1915(g).
 
 
 16
 An appeal is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous action advances "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Id. Thus, the term "frivolous" refers to the ultimate merits of the case. The jurisdictional defect in Moscicki, prematurity, had nothing to do with the merits of the underlying claim.
 
 
 17
 Although this precise question is an issue of first impression, this Court's opinion in Snider v. Melindez, 199 F.3d 108 (2d Cir.1999) provides welcome guidance. In Snider, this Court found that § 1915(g) does not encompass dismissals for failure to exhaust administrative remedies. The Court explained that § 1915(g) "was intended to apply to nonmeritorious suits dismissed with prejudice," "because of a determination that [they] ultimately cannot succeed[,] . . . not suits dismissed without prejudice for failure to comply with a procedural prerequisite." Id.
 
 
 18
 The defendants argue that Snider is inapposite because the dismissal at issue there was procedural, rather than "jurisdictional," as in the case of a premature appeal. However, we believe that the label attached to the defect is of far less significance than whether the defect is remediable. Tafari argues that "an appellate court's dismissal of a premature appeal is equivalent in all relevant respects to a trial court's dismissal of an unexhausted complaint" because "[b]oth are dismissals without prejudice for failure to comply with the procedural prerequisite of obtaining a final judgment in the prior forum." This argument, which we find convincing, echoes this Court's reasoning in Snider: "We do not think that Section 1915(g) was meant to impose a strike upon a prisoner who suffers a dismissal because of the prematurity of his suit but then exhausts his administrative remedies and successfully reinstitutes it." 199 F.3d at 112.
 
 
 19
 Just as "dismissal because of the prematurity of [a] suit" does not qualify as a strike, neither should dismissal because of the prematurity of an appeal. Cf. id. A premature notice of appeal is a "temporary, curable, procedural flaw" that may result in a "dismiss[al] without prejudice for failure to comply with [the] procedural prerequisite" of obtaining a final judgment in the district court. Id. at 111-12; cf. Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 172 (2d Cir.2002) (per curiam) (holding that, under certain circumstances, "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal" (citation omitted)). In sum, a premature appeal is not irremediably defective, and dismissal of such an appeal is not based on a determination that it ultimately cannot succeed. Thus, we cannot consider it "frivolous" within the meaning of § 1915(g).
 
 
 20
 Though we need not look past the plain language of the statute, we are further convinced by the structure of the PLRA that § 1915(g) does not cast so broad a net as the district court held below. See, e.g., Neitzke, 490 U.S. at 329, 109 S.Ct. 1827 (emphasizing that "not all unsuccessful cases qualify as a strike under § 1915(g)"); Henry v. Med. Dep't at SCI-Dallas, 153 F.Supp.2d 553, 556 (M.D.Pa.2001) (noting that "Congress knew how to distinguish" between different grounds for dismissal in the PLRA). The PLRA makes clear that Congress was aware of, and intended to differentiate between, particular bases for dismissal. For example, the PLRA distinguishes between actions dismissed on the ground that they are "frivolous," 28 U.S.C. § 1915(g), those dismissed for "failure to state a claim," id., those that impermissibly "see[k] monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii), and those in which a prisoner has "fail[ed] to exhaust administrative remedies," 42 U.S.C. § 1997e(a). The district court's expansive reading below is untenable in light of Congress's enumeration of several specific procedural grounds for dismissal within the PLRA.
 
 
 21
 Finally, designating a dismissal of this ilk as "frivolous" fundamentally conflicts with the purposes of § 1915(g). "Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir.1997). The "three-strikes" provision in the PLRA was designed to accomplish this goal by "forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?" Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir.1999).
 
 
 22
 Statements of the PLRA's sponsors further illustrate that it was designed to stem the tide of egregiously meritless lawsuits, not those temporarily infected with remediable procedural or jurisdictional flaws. See, e.g., 141 Cong. Rec. S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole) ("These suits can involve such grievances as insufficient storage locker space, a defective haircut by a prison barber, the failure of prison officials to invite a prisoner to a pizza party for a departing prison employee, and yes, being served chunky peanut butter instead of the creamy variety."); see also PLRA: Hearing on S. 3 and S. 866 Before the Senate Committee on the Judiciary, 104th Cong., (July 27, 1995) (prepared testimony citing thirteen factually meritless claims as prime examples of the "wasteful and frivolous suits" filed in federal court).
 
 
 23
 The jurisdictional defect in Moscicki stands in stark contrast to the clearly baseless suits with which Congress was concerned when passing the PLRA. The rules governing finality, appealability, and appellate jurisdiction can be exceedingly murky, even under the scrutiny of an experienced attorney. "As Mr. Justice Black commented in Gillespie v. U.S. Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), `whether a ruling is `final' within the meaning of § 1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and . . . it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the `twilight zone' of finality.'" Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170 n. 9, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); see also Gold v. Lomenzo, 425 F.2d 959, 961 (2d Cir.1970) (noting that in some circumstances appellate jurisdiction "has been correctly described as `so complex as to be virtually beyond belief'" (citation omitted)). Given this complexity, it is unlikely that assigning a "strike" for such an appeal would have the deterrent effect Congress envisioned in enacting the PLRA.
 
 
 24
 We do not intend to foreclose the possibility that an appeal that is jurisdictionally defective because it is premature may not also be frivolous on the merits. Thus, we make no findings with regard to the underlying merits of Tafari's claims in Moscicki. Nor are we confronted with a situation where the jurisdictionally barred appeal is a part of a broader pattern of vexatious conduct on the part of the litigant. Cf. In re Hilligoss, 849 F.2d 280, 281-82 (7th Cir.1988) (finding outside the PLRA context that a "vexatiously pursu[ed]" appeal of an "obviously unappealable order" was frivolous when party failed to respond to finality argument even after it was raised). We hold only that the PLRA's "three strikes" provision does not encompass a dismissal for filing a premature notice of appeal.
 
 CONCLUSION
 
 25
 The judgment of the district court dismissing Tafari's complaint is hereby VACATED, and the case is REMANDED for further proceedings consistent with this opinion.