SUMMARY ORDER
Plaintiff-Appellant Russell D. Palmer appeals from a judgment of the district court granting Defendants-Appellees’ motion to dismiss based on the so-called “three strikes” provision of the Prison Litigation Reform Act (“PLRA”), 28 U.S.C. § 1915(g). We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues on appeal.
Section 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statute] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g); see also Malik v. McGinnis, 293 F.3d 559, 560 (2d Cir.2002).
“The district court’s decision that a certain type of dismissal constitutes a ‘strike’ for purposes of § 1915(g) is an interpretation of a federal statute ... which [this Court] review[s] de novo.” Tafari v. Hues, 473 F.3d 440, 442 (2d Cir.2007) (quotation marks omitted) (alteration in original). The parties agree that the dismissal in Palmer v. Alvarez, No. 05 Civ. 3258, for failure to state a claim, constitutes a strike under Section 1915(g). The parties dispute whether Palmer’s filing of three cases on or about July 24, 2001, that were later consolidated by the district court and dismissed for failure to state a claim, qualify as one strike or three strikes. The district court here ruled that the dismissal of three separately filed cases, though consolidated, qualified as three strikes.
For purposes of determining whether a strike has occurred, Section 1915(g) focuses the inquiry on the prisoner’s act of bringing an action or appeal “that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim.” 28 U.S.C. § 1915(g). The focus on the prisoner’s litigation activity is consistent with the objectives of the PLRA. See Tafari, 473 F.3d at 443 (“ ‘Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals.’ ”) (quoting Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir.1997)). The relevant acts in this case are Palmer’s three separate filings *656 that were each dismissed for failure to state a claim. These cases constitute three “prior occasions” where Palmer has “brought” actions dismissed for failure to state claim. 28 U.S.C. § 1915(g). Accordingly, the dismissals count as three strikes. The court’s act of consolidating the three cases did not convert the dismissals into a single strike. Cf. Cole v. Schenley Industries, Inc., 563 F.2d 35, 38 (2d Cir.1977) (“Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties.” (citation omitted)). Because we conclude Palmer has at least four strikes under Section 1915(g), we need not address whether other cases he filed in the past constitute strikes.
Palmer also argues that his Section 1983 complaint here satisfies the “imminent danger” exception. See 28 U.S.C. § 1915(g). Palmer’s allegations relate to injuries resulting from his drinking contaminated water and receiving inadequate care for those injuries during his incarceration at the Green Haven Correctional Facility. By the time he filed the complaint, Palmer had been transferred to the Otis-ville Correctional Facility, and was thus removed from the alleged danger of drinking contaminated water. Moreover, the complaint acknowledges that Palmer has received care at Otisville. See Malik, 293 F.3d at 562-63 (holding that an imminent danger must exist at the time the complaint is filed for the exception to apply). We find that Palmer fails to adequately allege an “imminent danger of serious physical injury.” 28 U.S.C. § 1915(g).
For the foregoing reasons, the judgment of the district court is AFFIRMED.