11-1760-cv; 11-1677-cv
Houston v. Manheim-New York; Dow Lohnes PLLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                       RAYMOND J. LOHIER, JR.,
                                       *Circuit Judges*,
                       EDWARD R. KORMAN,
                                       *District Judge.*[*]

------------------------------------------------------------------

LEONARD W. HOUSTON,
                                       *Plaintiff-Appellant*,

                       v.                                    No. 11-1760-cv

MANHEIM-NEW YORK d/b/a MANHEIM SERVICES
CORPORATION f/k/a MANHEIM'S NEWBURGH AUTO
AUCTION, a wholly owned subsidiary corporation of Cox
Enterprises, Inc., and COX ENTERPRISES, INC., a Delaware
Corporation and a parent corporation for its subsidiaries,
                                       *Defendants-Appellees*.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

------------------------------------------------------------------

LEONARD W. HOUSTON,

*Plaintiff-Appellant*,

v.                                        No. 11-1677-cv

DOW LOHNES PLLC, ATTORNEYS AT LAW, COX
ENTERPRISES, INC.,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:          Leonard W. Houston, *pro se*, Middletown, NY.

FOR APPELLEES:          Robert E. Ganz, Ganz, Wolkenbreit & Siegfeld,
                        LLP, Albany, NY; Christopher L. Meazell, Dow
                        Lohnes PLLC, Norman, OK.

Appeals from the United States District Court for the Southern District of New York (Richard Owen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

In these tandem appeals, which we have consolidated for decision, Appellant Leonard W. Houston, proceeding pro se, appeals from two judgments of the United States District Court for the Southern District of New York (Owen, J.): In No. 11-1760, he challenges a judgment granting the defendants' motion for summary judgment in his employment discrimination action and denying his motion for class certification; in No. 11-1677, he challenges a judgment that sua sponte dismissed as frivolous his complaint in a related action principally alleging witness tampering. Because Houston is a pro se litigant, we construe his submissions liberally. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476-77 (2d Cir. 2006). We assume the parties' familiarity with the facts

2

and procedural histories of the cases, which we reference only as necessary to explain our decision to affirm.

### A. Houston v. Manheim-New York (No. 11-1760)

Houston appeals from a judgment entered on March 21, 2011, granting defendants' motion for summary judgment as to all of Houston's claims and denying his motion for class certification.  In addition, Houston challenges an order entered on June 16, 2010, denying his motions for, among other things, sanctions against the defendants.

#### 1. Discrimination Claims and Class Certification

"We review an award of summary judgment de novo, affirming only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." City of New York v. Group Health Inc., 649 F.3d 151, 155 (2d Cir. 2011) (citation omitted).  In making this determination, we "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 79-80 (2d Cir. 2009) (citation omitted).

The District Court dismissed Houston's amended complaint, which alleged primarily that the defendants had denied him a promotion to Arbitration Manager because of his race and color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.

We affirm the District Court's grant of summary judgment and dismissal of Houston's discrimination claims for substantially the same reasons stated by the District

Court in its March 16, 2011 order, which referenced and adopted the findings and recommendation of the Magistrate Judge made on July 7, 2010. First, Houston failed to point to evidence, rather than merely to allegations, that demonstrated defendants' discriminatory intent or rebutted their legitimate, nondiscriminatory reason for rejecting Houston for the position, namely, that they hired a more qualified individual. See Farias v. Instructional Sys., Inc., 259 F.3d 91, 99 (2d Cir. 2001); Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001). Second, the District Court did not err in accepting defendants' affirmative defense that Houston's ADEA claim was barred because he had not exhausted his administrative remedies. See Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001).

Because we affirm the District Court's dismissal of Houston's Title VII discrimination claim on the merits, his challenge to the denial of class certification on that claim is moot. See Dobson v. Hartford Fin. Servs. Grp., Inc., 389 F.3d 386, 402 (2d Cir. 2004).

2. Sanctions

To the extent Houston challenges the Magistrate Judge's denial of his second motion for sanctions against defendants, neither Houston nor defendants addressed whether the Magistrate Judge had the authority to deny such a motion under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) – an issue that we have not yet resolved. See generally Kiobel v. Millson, 592 F.3d 78, 79-80 (2d Cir. 2010).

4

In any event, Houston has abandoned the argument that the Magistrate Judge lacked the authority to deny his motion by failing to raise it on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995). Moreover, remanding to the District Court on the motion for sanctions would be futile because Houston violated Rule 11(c)(2) of the Federal Rules of Civil Procedure, a safe harbor provision, which required him to serve the sanctions motion on the opposing party twenty-one days prior to its filing. See Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1327-28 (2d Cir. 1995). Accordingly, we affirm the denial of Houston's motion to impose sanctions, but express no opinion as to whether the Magistrate Judge was authorized to deny the motion.

B. Houston v. Dow Lohnes PLLC (No. 11-1677)

Houston also separately appeals from a judgment sua sponte dismissing Houston's complaint as frivolous. A district court has the inherent authority to "dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). Although we have not resolved whether such dismissals are reviewed de novo or for abuse of discretion, we need not reach that issue to affirm the District Court's decision "because [it] easily passes muster under the more rigorous de novo review." Id. at 364 n.2.

The District Court properly dismissed Houston's complaint, which alleged that counsel to defendants in Houston v. Manheim-New York acted unlawfully by sending Houston a letter advising him that he had improperly named several defendants and that the claims against them should be dismissed. Houston claimed that defense counsel's

5

conduct constituted witness tampering, see 18 U.S.C. § 1512, and violated two civil statutes, namely, 42 U.S.C. § 1985(2), which prohibits conspiracies to interfere with an individual's civil rights, and 18 U.S.C. § 1961, et seq., the civil enforcement provisions of the Racketeer Influenced and Corrupt Organizations Act. Like the District Court, we conclude that these claims lack an arguable basis in law or fact. See Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) ("An appeal is frivolous when it 'lacks an arguable basis either in law or in fact.'").

The District Court also did not abuse its discretion in dismissing Houston's claims without granting leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). The court invited Houston to submit a brief explaining why his complaint should not be dismissed, and Houston appears to have submitted a brief and affidavit opposing dismissal. He therefore had an opportunity to argue that he should be permitted to amend the complaint, but provided no basis to conclude that amendment would not have been futile.

We have considered Houston's remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6