17-2441-pr
*William Escalera, Jr. v. Samaritan Village, et al*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued:  September 10, 2019    Decided: September 12, 2019)

Docket No. 17-2441-pr

---

WILLIAM ESCALERA, JR.,

*Plaintiff-Appellant*,

*- against -*

SAMARITAN VILLAGE, MEN'S SHELTER, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, COUNSELOR NELSON BROWN, POLICE OFFICER CLIFF MUELLER, POLICE OFFICER BRIAN DEVITA, YONG LI,

*Defendants-Appellees*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Before:

WESLEY, CHIN, and BIANCO, *Circuit Judges*.

---

Appeal from an order of dismissal of the United States District Court

for the Southern District of New York (McMahon, *C.J.*), dismissing plaintiff-

appellant's *pro se* 42 U.S.C. § 1983 complaint pursuant to the "three strikes"

provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  Plaintiff-

appellant contends that the district court erred in ruling that he was barred from

proceeding *in forma pauperis* and in dismissing the complaint on the basis that he

accrued three strikes.

> VACATED and REMANDED.

> ERICK M. SANDLER, Sylvia-Rebecca Gutierrez, Day
> Pitney LLP, Hartford, Connecticut, *for Plaintiff-
> Appellant.*[1]

PER CURIAM:

Plaintiff-appellant William Escalera, Jr. appeals the district court's

order *sua sponte* dismissing his *pro se* 42 U.S.C. § 1983 complaint pursuant to the

"three strikes" provision of the Prison Litigation Reform Act (the "PLRA"), 28

U.S.C. § 1915(g).  The district court issued an order of dismissal under § 1915(g)

on June 22, 2017.  Judgment was entered June 22, 2017.  For the reasons explained

below, we conclude that the district court erred in determining that Escalera had

accrued three strikes under § 1915(g).  Accordingly, we vacate the district court's

---

[1]     The district court dismissed the action below before defendants made an appearance,
and no brief has been filed on behalf of defendants on appeal.

order of dismissal and remand the case to the district court for further proceedings.

The PLRA "three-strikes" provision provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The district court's decision that a certain type of dismissal constitutes a 'strike' for purposes of § 1915(g) is an interpretation of a federal statute . . . which this Court reviews de novo." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (alteration, and internal citation and quotation marks omitted).

Here, the district court relied on *Escalera v. Graham*, No. 08-CV-412 GLS-GHL, 2008 WL 4181741 (N.D.N.Y. May 27, 2008), to conclude that Escalera had three strikes under the PLRA. In that case, the court identified five strikes.

Upon independent review of those five strikes, however, we conclude that three are not strikes.[2]

The plain language of § 1915(g) defines a strike as "an *action or appeal*" that was dismissed on an enumerated ground, not as an individual claim that was dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g) (emphasis added). The majority of circuits that have addressed this issue agree that strikes are limited to "actions and appeals," and that dismissal of some but not all of the multiple claims in a complaint on a § 1915(g) ground cannot constitute a strike. *See Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) ("Imposing a strike only when the *action* itself is dismissed for one or more of the qualifying reasons is consistent with the statute's balance between deterring frivolous filings while maintaining access to the courts for facially valid claims." (emphasis added)); *Byrd v. Shannon*, 715 F.3d 117, 125 (3d Cir. 2013) (holding a prisoner's "entire action or appeal" must be dismissed on a § 1915(g)

---

[2] Escalera does not dispute that *Escalera v. Seligman*, 05-CV-1391 (S.D.N.Y. Feb. 2, 2005), was a strike. We decline to decide whether *Escalera v. N.Y.P.D.*, 05-CV-1435 (S.D.N.Y. Feb. 4, 2005), is a strike. It is an open question whether a dismissal based on witness immunity is a strike under the PLRA. *Cf. Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [] §1915(g) . . ."); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (per curiam) (holding that dismissals based on prosecutorial immunity count as strikes under the PLRA). Even if *Escalera v. N.Y.P.D.* is considered a strike, Escalera would still have only two strikes under the PLRA.

4

ground to count as a strike); *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (same); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010) ("[W]e believe that the obvious reading of [§ 1915(g)] is that a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds." (emphasis in original)); *Thompson v. DEA*, 492 F.3d 428, 440 (D.C. Cir. 2007) ("Section 1915(g) speaks of the dismissal of 'actions and appeals,' not 'claims.'").[3]

Moreover, counting a partial § 1915(g) dismissal as a strike could result in the anomalous situation where a prisoner succeeds on some claims yet still accrues a strike if others are dismissed on § 1915(g) grounds. We therefore hold, consistent with our sister circuits and the plain language of § 1915(g), that a prisoner's entire "action or appeal" must be dismissed on a § 1915(g) ground to count as a strike under the PLRA. Accordingly, mixed dismissals are not strikes under the PLRA.

---

[3]     Although two circuits have held that some mixed dismissals can count as strikes, *see Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012) (mixed dismissal for failure to state a claim and failure to exhaust counts as a strike); *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007) (same), those courts did so only in the specific context where claims were dismissed in part on § 1915(g) grounds and in part for failure to exhaust administrative remedies, and no claims were allowed to proceed on the merits.

5

Turning to Escalera's cases that the district court in *Escalera v. Graham* identified as strikes, we agree with Escalera that of the five cases, the following three are not strikes.

1.     *Escalera v. Selsky*, 06-CV-0837 (N.D.N.Y. Mar. 8, 2007)

The district court dismissed this action because Escalera failed to comply with an order to file a "legibly written (typewritten, printed or reproduced) and double spaced" amended complaint. This Court has held that certain types of procedural dismissals do not constitute strikes under the PLRA. *See Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999) (holding that § 1915(g) does not apply to suits dismissed "for failure to comply with a procedural prerequisite"); *see also Tafari*, 473 F.3d at 443 (refusing to treat a premature appeal as a strike and noting that the PLRA "was designed to stem the tide of egregiously meritless lawsuits, not those temporarily infected with remediable procedural . . . flaws"). Because this alleged second strike was a dismissal for a remediable procedural defect (illegible handwriting) and not a dismissal on a § 1915(g) ground, it does not count as a strike.

6

2.      *Escalera v. Charwand*, 04-CV-0983 (N.D.N.Y. Mar. 12, 2008)

Escalera argues that the district court erroneously classified this case as a strike because it was resolved at summary judgment and the district court did not invoke any grounds in § 1915(g).  When evaluating a dismissal at summary judgment, courts have held that an inquiry into the basis of the district court's dismissal is required to determine whether the dismissing court deemed the action frivolous, malicious, or failing to state a claim.  *See Brown*, 857 F.3d at 290-92 (holding that dismissal for failure to state a claim and grant of summary judgment for lack of evidence was not a strike); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (holding that a grant of summary judgment for lack of evidence was not a strike because it was not based on an enumerated ground under § 1915(g)); *Blakely v. Wards*, 738 F.3d 607, 618 (4th Cir. 2013) (en banc) ("[A]n action's dismissal [at summary judgment] as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike.").

Here, after evaluating the underlying basis for the district court's grant of summary judgment, we agree that this case does not qualify as a strike. The magistrate judge's report and recommendation -- accepted in its entirety by

the district court -- held that (1) Escalera's First Amendment claim was "deficient as a matter of law" because he did not engage in protected speech; (2) his procedural due process claim failed for lack of evidence; and (3) his equal protection claim failed because there was nothing in the amended complaint or the record to reflect any disparate treatment. App'x at 128. Notably, the district court considered each of Escalera's claims, which, taken as true, stated a claim for relief, but granted summary judgment after evaluating the record and determining that "the evidence did not support the claim." *El-Shaddai*, 833 F.3d at 1045. The district court did not find that the claims were frivolous or malicious. In short, because the district court did not grant summary judgment against Escalera on a ground enumerated in § 1915(g), this case does not qualify as a strike.

       3.      *Escalera v. N.Y.C. Hous. Dep't*, 05-CV-1446 (S.D.N.Y. Feb. 4, 2005)

      Escalera argues that this case is not a strike because the district court dismissed some claims for failure to state a claim and others for lack of subject matter jurisdiction.[4] We agree. It is undisputed that a dismissal for "fail[ure] to

---

[4]    Escalera alternatively argues that the complaint was dismissed without prejudice and that "under the proper interpretation of § 1915(g)," a dismissal for failure to state a claim constitutes a strike "only if the dismissal is with prejudice." Appellant's Br. at 13. We decline to

state a claim" is an enumerated ground under § 1915(g).[5]  Escalera's complaint, which stemmed from a trespassing arrest that purportedly resulted in his eviction from public housing, was partly dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.  The district court, however, also relied on Federal Rule of Civil Procedure 12(h)(3), a non-§1915(g) ground, which mandates dismissal for lack of subject matter jurisdiction.  The district court noted that it lacked jurisdiction over "state matters involving eviction proceedings" and expressly refrained from addressing the merits of the state claim.  App'x at 83-84 & n.2.  As concluded above, a mixed dismissal, on both § 1915(g) and non-§ 1915(g) grounds, is not a strike.  As a result, we conclude that this case is not properly considered a strike under the PLRA because the district court dismissed one of Escalera's claims under a non-§1915(g) ground.

---

reach this argument because we find that the district court erroneously counted this mixed dismissal as a strike.

[5]    There is an open question, however, as to whether a "failure to state a claim" dismissal under Federal Rule of Civil Procedure 12(b)(6) necessarily qualifies as a strike under the PLRA. *Compare El-Shaddai*, 833 F.3d at 1043 ("if a claim is dismissed for failure to state a claim under rule 12(b)(6), it counts as a strike for PLRA purposes"), *with Byrd*, 715 F.3d at 124 (acknowledging the difference in language between § 1915(g) and Rule 12(b)(6) and crediting "some persuasive effect" to the argument that § 1915(g) and Rule 12(b)(6) are distinct for purposes of counting strikes under the PLRA).  We need not reach this question because none of Escalera's previous cases were complete dismissals under Rule 12(b)(6).

We discern no basis to make an exception to the general rule for dismissals for lack of subject matter jurisdiction. On the other hand, while dismissal based on subject matter jurisdiction is not an enumerated ground under § 1915(g), we recognized in *Tafari* that there may be cases where the prisoner's argument for subject matter jurisdiction is so baseless that the action or appeal may be considered "frivolous." *See Tafari*, 473 F.3d at 444 (noting that a "jurisdictionally barred appeal [that] is a part of a broader pattern of vexatious conduct on the part of the litigant" might be considered frivolous). Here, the district court did not determine that Escalera's present claims were frivolous or malicious.

The PLRA was enacted to deter frivolous prisoner lawsuits and appeals -- not potentially meritorious state claims filed in the wrong court by a *pro se* and incarcerated litigant. *See id.* at 443-44 (distinguishing between frivolous prisoner lawsuits, which are subject to the PLRA, and jurisdictionally defective ones, which are not). This is particularly true here, where the district court did not reach the merits of Escalera's state claim or deem it defective on § 1915(g) grounds. *See Washington*, 833 F.3d at 1058 ("Dismissal on jurisdictional

10

grounds occurs not only before an examination of the merits, but curtails such an examination.").

## CONCLUSION

For the reasons set forth above, the district court's judgment is **VACATED** and the case is **REMANDED** for further proceedings.