24-624-cv
*James v. New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*,
> CAROL BAGLEY AMON,
> > *District Judge*.*

———————————————————————

CHRISTOPHER E. JAMES,

> *Plaintiff-Appellant*,

v.                                                             24-624

STATE OF NEW YORK, DONITA E. MCINTOSH, Former Superintendent of Clinton Correctional Facility,

———————————————————————

* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellants*.[**]

FOR PLAINTIFF-APPELLANT: Jeremy Shur, Wilkinson Stekloff LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 2, 2024, is **VACATED** and **REMANDED**.

Plaintiff-Appellant Christopher E. James ("James") appeals from the district court's February 2, 2024 judgment dismissing his 42 U.S.C. § 1983 claims against Defendants-Appellees[1] the State of New York and Donita E. McIntosh, former Superintendent of Clinton Correctional Facility. On appeal, James does not contest the substantive basis for the district court's dismissal of his complaint. Instead, James argues that the district court erred by preemptively concluding that he has three "strikes" under 28 U.S.C. § 1915 and prohibiting him from proceeding *in forma pauperis* in any new civil action filed while incarcerated, unless he faces imminent danger of serious physical injury. We agree.

---

[**] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

[1] We note that neither Defendant-Appellee appeared in this case.

2

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

In 1996, Congress enacted the Prison Litigation Reform Act, which instituted the "three-strikes rule" to curtail the number of frivolous lawsuits filed by incarcerated individuals. *Pitts v. South Carolina*, 65 F.4th 141, 143 (4th Cir. 2023). Under § 1915(g), an incarcerated individual attains "three strikes" and cannot proceed *in forma pauperis* in a new civil action if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought [a federal] action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

We review *de novo* the district court's determination that a particular dismissal constitutes a strike under § 1915(g). *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381 (2d Cir. 2019) (per curiam); *Pitts*, 65 F.4th at 146. Moreover, we have held that a district court errs in entering a strike at the dismissal stage, rather than allowing the three-strikes analysis to occur when an incarcerated individual moves to proceed *in forma pauperis* in a future civil action. *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam). We reasoned that:

> The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner's suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns

3

on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes.  Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence.  The resolution of such disputes is not a proper part of the judicial function.

*Id.* (quoting *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)).

Although district courts are encouraged to articulate their reasons for dismissal clearly to aid a future court's three-strikes determination, they may not bind that later court's analysis with their own assessment or preemptively prohibit a plaintiff from proceeding *in forma pauperis* in subsequent actions.  *See id.*  That is what occurred here.  In its order, the district court concluded that the instant dismissal constituted James's third strike for the purposes of § 1915(g), and the judgment erroneously "barred" James "from commencing any further civil actions as a prisoner proceeding in forma pauperis, unless he is under imminent danger of serious physical injury."  App'x 17.

\*    \*    \*

For the reasons set forth above, we vacate the portion of the judgment applying the three-strikes rule and remand the matter to the district court for modifications consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4