17-2737; 17-2741; 17-2994
Akassy v. Hardy; Akassy v. Simmons; Akassy v. Office of the Appellate Defender

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2018

(Motions submitted:  January 17, 2018          Decided:  April 4, 2018)

Docket Nos. 17-2737*, 17-2741*, 17-2994[*]

_____

HUGUES-DENVER AKASSY[**],

*Plaintiff-Appellant*,

- v. -

GLENN F. HARDY, in his capacity as 18B Court-Appointed Counsel,

*Defendant-Appellee*.

_____

---

\*        These appeals are consolidated for purposes of the present opinion.

\*\*      The Clerk of Court is directed to amend the official caption in each of these three appeals to correct the spelling of plaintiff's name in conformity with the above.

_____

HUGUES-DENVER AKASSY**,

*Plaintiff-Appellant,*

- v. -

HOWARD D. SIMMONS***, in his capacity as 18B Court-Appointed Counsel,

*Defendant-Appellee.*

_____

_____

HUGUES-DENVER AKASSY**,

*Plaintiff-Appellant,*

- v. -

OFFICE OF THE APPELLATE DEFENDER, RICHARD M. GREENBERG, RISA GERSON, EUNICE C. LEE, RAHUL SHARMA, ALEXANDRA KEELING, ANASTASIA BENSHOFF HEEGER, ALAIN LITWA,

*Defendants-Appellees.*

_____

Before: KATZMANN, *Chief Judge,* KEARSE and POOLER, *Circuit Judges.*

Motions by plaintiff *pro se*, a New York State prisoner, for leave to proceed *in forma pauperis* in three appeals challenging judgments of the United States

---

\*\*\* The Clerk of Court is directed to amend the official caption in No. 17-2741 to list the defendant's name in conformity with the above.

District Court for the Southern District of New York, Colleen McMahon, *Chief Judge*, each of which, pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), denied him leave to bring suit *in forma pauperis*, dismissed his complaint without prejudice to his filing a new action with payment of the filing fee, and barred him from filing future actions *in forma pauperis* while a prisoner unless he is under imminent threat of serious physical injury.  Plaintiff argues principally that he has accumulated fewer than three strikes, contending that the dismissals of four of his prior actions on statute-of-limitations grounds based on the allegations of his complaints did not constitute strikes under § 1915(g), and that the dismissals of his four ensuing appeals as frivolous should be counted as no more than one strike because the dismissals were implemented in a single order.  Because we conclude that plaintiff has more than three strikes and has not met § 1915(g)'s exception to application of the three-strikes rule, we deny his motions for leave to proceed *in forma pauperis* and we dismiss his appeals.

> Motions denied; appeals dismissed.

> Hugues-Denver Akassy, Dannemora, New York, *Plaintiff-Appellant pro se*.

3

KEARSE, *Circuit Judge*:

Plaintiff *pro se* Hugues-Denver Akassy, a New York State prisoner convicted in 2011 of, *inter alia*, first-degree rape and sentenced to 20 years' imprisonment, has filed three notices of appeal to challenge judgments entered in the United States District Court for the Southern District of New York, Colleen McMahon, *Chief Judge*, dismissing three civil actions he filed in 2017, in which he sought to proceed *in forma pauperis* (or "IFP"). In each action, the district court, pursuant to the three-strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), denied Akassy permission to proceed *in forma pauperis*, dismissed his complaint without prejudice to his filing a new action with payment of the filing fee, and barred him from bringing future actions IFP while a prisoner unless he is under imminent threat of serious physical injury. Akassy moves in this Court for leave to prosecute his appeals *in forma pauperis*, contending principally that the district court erred in concluding that he had previously incurred as many as three strikes. We have consolidated these appeals for purposes of ruling on these motions. Having concluded that Akassy has more than three strikes and has not shown that he is in imminent danger of serious physical injury, we deny his motions for *in forma pauperis* status and dismiss the appeals.

Although a prisoner who does not have the financial resources to prepay docketing fees may be allowed to proceed *in forma pauperis*, *see* 28 U.S.C. §§ 1915(a), (b), "the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits," with an exception provided for a prisoner who is in imminent danger of serious physical injury. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("*Pettus*"). The three-strikes rule provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In 2017, Akassy filed the three federal court civil actions at issue here, alleging misfeasance and ineffective assistance by attorneys who had represented him in his criminal case before trial, during trial, or on appeal. Two of the actions, *Akassy v. Hardy* ("*Hardy*") and *Akassy v. Simmons* ("*Simmons*"), were commenced in February and March, respectively, in the Eastern District of New York; the third action, *Akassy*

*v. Office of the Appellate Defender* ("*Appellate Defenders*"), was commenced in April in the District of Columbia. In each action, Akassy sought leave to proceed *in forma pauperis*. All three actions were eventually transferred, on venue grounds, to the Southern District of New York ("SDNY").

Addressing the *Hardy* and *Simmons* cases following their transfers to SDNY, the district court noted that Akassy had brought actions against several media organizations in SDNY in 2014, *see Akassy v. N.Y. Times*, No. 14-CV-2499; *Akassy v. News Corp., Inc.*, No. 14-CV-2589; *Akassy v. PIX 11 News, Inc.*, No. 14-CV-3186; *Akassy v. Associated Press*, No. 14-CV-3213, complaining that their coverage in 2010 and 2011 of his criminal proceedings defamed him. The court noted (a) that an order entered in 2015 dismissed four of those actions on the ground that each complaint, on its face, revealed that the claims it asserted were barred by New York's one-year statute of limitations--*see Akassy v. N.Y. Times*, No. 14-CV-2499, at 6 (S.D.N.Y. July 31, 2015)--and (b) that the appeals from those four dismissals had themselves been dismissed in 2015 "as lack[ing] an arguable basis either in law or in fact"; the court thus ordered Akassy to show cause why he should not be barred from pursuing the present actions *in forma pauperis* in light of the PLRA's three-strikes rule. Order To Show Cause in *Hardy* and *Simmons*, *see Akassy v. Hardy*, Nos. 17-CV-4120, 17-CV-4123, 2017 WL

6

6387729, at *1 (S.D.N.Y. June 16, 2017) (internal quotation marks omitted).

In response to the order to show cause, Akassy made arguments similar to those he makes in support of his present motion for IFP status on these appeals (which we discuss below), contending principally that none of the above eight dismissals should be characterized as strikes within the meaning of § 1915(g) and stating that he had been assaulted by prison guards and other inmates and that his life was in danger.

The district court found Akassy's response insufficient to show that § 1915(g) was inapplicable. It concluded that "[w]hile Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous or malicious or for failure to state a claim." Bar Order Under 28 U.S.C. § 1915(g) in *Hardy* and *Simmons*, dated July 27, 2017, at 3. The court denied Akassy's motions to proceed *in forma pauperis*, dismissed his complaints under the three-strikes rule, and barred Akassy from filing future actions *in forma pauperis* while a prisoner unless under imminent danger of serious physical injury. The court stated that these rulings were "without prejudice" to Akassy's "commence[ment of] a new action"--even as a prisoner--"by paying the filing fee," *id*. at 3 & n.2, but noted that even such a fee-paid action would be dismissable if it were frivolous, malicious, failed to state a claim

7

upon which relief may be granted, or sought monetary relief from a defendant entitled to immunity from such relief, *id*. at 3 n.2.

In dealing with the *Appellate Defenders* case following its transfer to SDNY, the district court noted that Akassy had also filed that case in 2017, well after he had accumulated more than three strikes. For the reasons stated with respect to the *Hardy* and *Simmons* cases, the district court entered a parallel order in *Appellate Defenders*, principally denying Akassy *in forma pauperis* status, and dismissing the complaint without prejudice to his filing a new action with payment of the filing fee. *See* Order of Dismissal Under 28 U.S.C. § 1915(g), dated September 20, 2017, at 2-3.

DISCUSSION

In moving for *in forma pauperis* status to pursue his appeals challenging the dismissals in *Hardy*, *Simmons*, and *Appellate Defenders*, Akassy contends principally (a) that none of the dismissals of his 2014 actions should have been counted as strikes under § 1915(g) for failure to state a claim on which relief may be granted, arguing "I did state my claims with supporting exhibits" (Akassy Motion for Leave To Appeal In Forma Pauperis A Bar Order Under 28 U.S.C. § 1915(g)

8

("Akassy's Present IFP Motion"), at 8); and (b) that this Court's dismissals of his four appeals challenging the statute-of-limitations dismissals of his 2014 actions should not be counted as more than a single strike because of "consolidat[ion]" (*id*. at 10-11). Akassy also claims that his life is in danger; and he argues that § 1915(g) is unconstitutional, and that instead of dismissing his complaints the SDNY district court should have held the cases in abeyance until he could pay the filing fee. He moves for reversal of the judgments, contending, *inter alia*, that the District of Columbia court in *Appellate Defenders* found his claims to be viable. We conclude that all of his contentions are meritless.

We reject, first, Akassy's contention that the district court's 2015 statute-of-limitations-based dismissals should not be considered strikes. Section 1915(g) expressly encompasses, *inter alia*, dismissals for failure to state a claim on which relief may be granted, and as a general matter,

> [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *If the allegations*, for example, *show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .*

*Jones v. Bock*, 549 U.S. 199, 215 (2007) (emphases added); *see also* 5B Wright & Miller, *Federal Practice and Procedure* § 1357, at 721 (3d ed. 2004) ("inclusion of dates in the

9

complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim").  This Court has so ruled in contexts other than requests for *in forma pauperis* status. *See*, *e.g.*, *Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations," the complaint may properly be dismissed pursuant to "Rule 12(b)(6) . . . for failure to state a claim upon which relief can be granted . . . ."); *LC Capital Partners, LP v. Frontier Insurance Group, Inc.*, 318 F.3d 148, 156-57 (2d Cir. 2003) (where the facts according to the face of the complaint and related documents show that the plaintiffs had knowledge of sufficient facts to place them at least on inquiry notice prior to the commencement of the limitations period, dismissal on statute-of-limitations grounds is appropriate under Rule 12(b)(6)).  We see no reason not to view the dismissal of a prisoner's action as time-barred, if based on the allegations in the complaint, as likewise a dismissal for failure to state a claim on which relief may be granted within the meaning of § 1915(g).  We conclude that the four 2015 dismissals of Akassy's actions against the media organizations as time-barred constituted strikes for the purpose of § 1915(g).

*Accord*:  *Parker v. Montgomery County Correctional Facility*, 870 F.3d 144, 147 (3d Cir. 2017) (dismissal on two-year statute-of-limitations grounds, where the

2014 complaint sought relief for misconduct alleged to have occurred in 2011, was a strike under § 1915(g)); *Belanus v. Clark*, 796 F.3d 1021, 1025, 1027, 1030 (9th Cir. 2015) (dismissal of a complaint as barred "on its face" by the statute of limitations is a dismissal "for failure to state a cause of action upon which relief could be granted" and is a strike under § 1915(g)), *cert. denied*, 137 S. Ct. 109 (2016); *Smith v. Veterans Administration*, 636 F.3d 1306, 1313 (10th Cir.) (if the plaintiff's claims "were dismissed . . . as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g)"), *cert. denied*, 565 U.S. 934 (2011); *Pickett v. Texas*, 356 F. App'x 756, 757-58 (5th Cir. 2009) (dismissal on two-year "statute-of-limitations grounds," where 2008 complaint sought relief for misconduct alleged to have occurred in 2004, counts as a "strike[] for purposes of 28 U.S.C. § 1915(g)"), *cert. denied*, 560 U.S. 930 (2010).

As to this Court's dismissals of Akassy's four appeals from the statute-of-limitations dismissals, in which we stated that his appeals "lack[ed] an arguable basis either in law or in fact," *Akassy v. PIX 11 News, Inc.*, No. 15-2905, at 2 (2d Cir. December 14, 2015) (internal quotation marks omitted), Akassy does not seriously contend that such a dismissal is not a strike; nor could he. The PLRA requires the imposition of a strike for any dismissal of a complaint or appeal that is found to be

"frivolous." 28 U.S.C. § 1915(g). And as the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), analyzed the word "frivolous" in then-§ 1915(d) (*renumbered § 1915(e) and amended by* the PLRA, Pub. L. No. 104-134, §§ 804(a)(2) and (a)(5), 110 Stat. 1321, 1321-73, 1321-74 (1996))--authorizing the court to dismiss any action or appeal determined to be frivolous--the very essence of frivolousness within the meaning of § 1915 is the lack of an arguable basis in law or in fact, *see Neitzke*, 490 U.S. at 325, 327-28.

Instead, Akassy argues that our dismissals of his four appeals in 2015, which he refers to as his "consolidated-dismissed-claims" (Akassy's Present IFP Motion at 11) should be counted as only a single strike because the dismissals were implemented in a single order. We reject this contention as well. Appeals in separate actions may properly be consolidated only by order of the court of appeals, *see* Fed. R. App. P. 3(b) & Advisory Committee Note (1998); and Akassy's 2015 appeals were consolidated by this Court only "[f]or the purposes of th[e] order" that decided his motions for *in forma pauperis* status. *Akassy v. PIX 11 News, Inc.*, No. 15-2905, at 2 (2d Cir. December 14, 2015). His separate appeals did not thereby become a single appeal. Indeed, even in fully "consolidated appeals[,] the separate appeals do not merge into one," Fed. R. App. P. 3 Advisory Committee Note (1998); *see also Palmer*

12

*v. New York State Department of Corrections*, 342 F. App'x 654, 655-56 (2d Cir. 2009) ("Palmer's three separate [district court] filings that were each dismissed for failure to state a claim . . . . constitute three 'prior occasions' where Palmer has 'brought' actions dismissed for failure to state a claim[,] 28 U.S.C. § 1915(g)," and thus "count as three strikes. *The [district] court's act of consolidating the three cases did not convert the dismissals into a single strike*." (emphasis added)). The dismissals of Akassy's four 2015 appeals on the ground of frivolousness constituted four strikes.

In sum, prior to filing his 2017 actions against his former attorneys, Akassy plainly had incurred more than three strikes within the scope of § 1915(g).

Nor is there merit in Akassy's other arguments. In an effort to qualify for § 1915(g)'s only stated exception to the three-strikes bar, Akassy, who seeks to sue his former attorneys, states "my life is in a cl[ea]r and present danger as I have been subjected to abuses, physical assaults and denied my prisoner's rights by overzealous Correctional Officers for filing grievances and reporting abuses to law enforcement authorities and Human Rights Organizations" and "because of the nature of my alleged criminal case and the legal malpractice." (Akassy's Present IFP Motion at 10). To qualify for the exception, however, a prisoner must allege facts sufficient to show that he was "'under imminent danger of serious physical injury'" "at the time the

13

complaint is filed"; it is not sufficient to allege that "harms . . . had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) (quoting § 1915(g)) (other internal quotation marks omitted). Further, as the "unmistakable purpose" of the imminent-danger exception to the three-strikes bar "is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy *for* an imminent danger," "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297 (emphasis added). Akassy's statements do not meet either the timing or the nexus requirement. *See, e.g., Welch v. Galie*, 207 F.3d 130, 131-32 (2d Cir. 2000) (finding the imminent-danger exception inapplicable where prisoner claimed that he had been denied due process by police officers and judges, and that he was in danger from corrections officials who "were physically harming him" and had denied him "medical treatment").

Akassy's contention that the restrictions imposed by § 1915(g) violate his constitutional rights is foreclosed by our decision in *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (noting that the right to proceed *in forma pauperis* is a right conferred by statute, not by the Constitution, and holding that § 1915(g) neither violates a prisoner's right of access to the courts nor is overbroad).

14

Akassy's contention that he should be granted *in forma pauperis* status because the District of Columbia district court in the *Appellate Defenders* case "stated that [he] 'raised viable legal claims'" (Akassy Motion for Reversal of the judgment in *Appellate Defenders* at 4 (quoting, without citation, the District of Columbia venue transfer order)) is both meritless and misleading. The argument is meritless because "[t]he only exception to payment of the filing fee" for a prisoner who has accumulated three strikes arises "if the prisoner is under 'imminent danger of serious physical injury.'" *Welch v. Galie*, 207 F.3d at 132 (quoting § 1915(g)). Section 1915(g) does not provide an exception based on the viability of a claim proffered by a prisoner who is otherwise barred by the three-strikes rule. *See generally Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (where a prisoner "has accumulated three prior dismissals on statutorily enumerated grounds," the "court may not afford him *in forma pauperis* status with respect to his additional civil actions"); *see also id*. at 1764 (endorsing a "literal reading of the 'three strikes' provision"). The focus of § 1915(g) is on the quality of the prisoner's prior filings--*i.e.*, any "history" of frivolous filings, *Pettus*, 554 F.3d at 296--not on the quality of the complaint for which he currently requests *in forma pauperis* status. Evaluation of a current complaint's viability is, instead, the function of § 1915(e), which comes into play after a case has permissibly been brought

and which instructs, in part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2); *see generally Neitzke*, 490 U.S. at 328 (noting it is the function of § 1915(d)--the predecessor of § 1915(e)--to "screen[] out inarguable claims").

In any event, Akassy's argument that the District of Columbia court "stated that" his claims were "'viable'" is misleading because the words he quotes appeared only in that court's statement that it was transferring venue because it "presume[d] *without deciding* that the plaintiff raises viable legal claims," *Akassy v. Office of the Appellate Defender*, No. 17-0668 (D.D.C. Order, June 9, 2017, at 2 (emphasis added).) Clearly the District of Columbia court made no decision that Akassy's claims were viable.

Finally, we reject Akassy's request that we remand his actions to the district court with instructions to hold them in abeyance until he is able to pay the filing fees. Given § 1915(g)'s provision that a three-strikes prisoner shall "in no event bring" a civil action without paying the filing fee, the district court plainly has the authority to dismiss an action filed in contravention of this provision. We see no

16

abuse of discretion in the dismissal of Akassy's 2017 actions without prejudice to his right to file new actions with payment of the filing fees.

## CONCLUSION

We have considered all of Akassy's arguments in support of his motions for leave to prosecute the present appeals *in forma pauperis* and have found them to be without merit. His motions for *in forma pauperis* status are denied; his motions for reversal of the district court judgments that dismissed his actions are denied as moot. The appeals are dismissed as lacking an arguable basis either in law or in fact.