17-2241-cv(L)
Domitz v. City of Long Beach

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand eighteen.

PRESENT:    BARRINGTON D. PARKER,
            PETER W. HALL,
            RAYMOND J. LOHIER, JR.,

            *Circuit Judges.*

-----------------------------------------------------------------------
HOWARD A. DOMITZ,

                    *Plaintiff-Appellant,*

            v.                                      No. 17-2241-cv(L),
                                                    No. 18-127-cv(CON)

THE CITY OF LONG BEACH,

                    *Defendant-Appellee.*

-----------------------------------------------------------------------
FOR APPELLANT:              WAYNE J. SCHAEFER, Schaefer Law Group, P.C., Smithtown, New York.

FOR APPELLEE:               Richard Berrios, Assistant Corporation Counsel, *for* Robert M. Agostisi, Corporation Counsel for the City of Long Beach, Long Beach, New York.

1

Appeal from the judgments of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Howard A. Domitz ("Domitz") worked for the City of Long Beach, New York ("City") Police Department from February 27, 1978, until he retired on April 27, 2012 at the age of 59. Upon his retirement, Domitz began receiving a service retirement benefit as a member of the New York State and Local Police and Fire Retirement System. Until Domitz retired, his certified collective bargaining representative was the Long Beach Police Benevolent Association ("PBA").

When Domitz retired, the collective bargaining agreement in place between the City and the PBA was for the term July 1, 2003 to June 30, 2008 ("CBA"). But, pursuant to state law, the City was required to abide by the terms of the CBA until a new agreement was reached. Under the CBA, Domitz was entitled to choose between a lump sum payment for unused sick leave, termination pay, and personal leave, or to receive the separation payout in installments to be paid within five years of his retirement. He chose the latter. At the time he retired, Domitz was also reimbursed by the City for out-of-pocket medical expenses that exceeded a certain level, pursuant to a schedule set forth in the CBA.

On May 29, 2013, the City and the PBA were parties to an arbitration award that essentially imposed a new collective bargaining agreement. Under the terms of that award, police officers were entitled to a base salary increase that ranged from 2.75% to 3.75% from July 1, 2008 (the day after the old CBA expired) to June 30, 2015. Pursuant to the arbitration,

2

Domitz received a lump sum payout for backpay. But under the terms of that award, the bi-weekly separation payout for unused sick leave, termination pay, and personal leave was not recalculated or supplemented. In August 2013, the City informed Domitz that under the terms of the arbitration award it would no longer pay for his (or any other retired police officer's) out-of-pocket medical expenses.

On April 16, 2014, Domitz filed a charge of age discrimination in violation of the Age Discrimination Employment Act and the New York State Human Rights Law with the EEOC, alleging that he was the subject of age-based employment discrimination. On January 11, 2016, the EEOC dismissed the charge and notified Domitz that, following its investigation, it was unable to conclude that the City had discriminated against Domitz. This lawsuit followed.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

"We review *de novo* a 'district court's grant of a motion to dismiss under Rule 12(b)(6).'" *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We find sufficient "facial plausibility" when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). We accept as true all the allegations contained in the complaint. *See Iqbal*, 556

3

U.S. at 678; *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

A complaint may be dismissed on the basis of an affirmative defense if, as here, "the facts supporting the defense appear on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Because the complaint contained information that suggested the EEOC charge was not timely filed, *see* 29 U.S.C. § 626(d)(1)(B), in responding to defendant's motion to dismiss based on the affirmative defense of untimeliness, it was incumbent on Domitz at least to plead when he learned, or should have learned, of the arbitration award if it was not on the day it became effective. Domitz never pleaded such an alternative date, not even in his briefing on the motion to dismiss. We therefore affirm the district court's decision to dismiss Domitz's claims as time-barred. The district court did not abuse its discretion by declining to exercise jurisdiction over Domitz's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (explaining that a "district court[] may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

"We review the denial of a . . . Rule 60 motion for abuse of discretion." *Legg v. Ulster Cty.*, 820 F.3d 67, 78 (2d Cir. 2016). Domitz moved for reconsideration of the judgment granting the City's motion to dismiss by presenting to the district court, in substance, caselaw it had relied on in opposing the City's motion to dismiss. Domitz did not point to any mistake or other sound "reason that justifie[d] relief." Fed. R. Civ. P. 60(b). The district court properly exercised its discretion in denying Domitz's motion for reconsideration.

4

We have considered all Domitz's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court