*Griffin v. Carnes*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

—————————

August Term 2022

(Submitted: May 22, 2023 | Decided: June 30, 2023)

Docket No. 22-1134

KEVIN GRIFFIN,

*Plaintiff-Appellant*,

v.

CHARLES CARNES, TOWN OF CRAWFORD SUPERVISOR,

*Defendant-Appellee.*

—————————

Before:

POOLER, WESLEY, PARK *Circuit Judges*;

————————

KEVIN GRIFFIN, *pro se*, Dannemora, NY, *for Plaintiff-Appellant*.

KARA J. CAVALLO, J&G Law, LLP, Walden, NY, *for Defendant-Appellee*.

————————

PER CURIAM:

Plaintiff-Appellant Kevin Griffin, *pro se* and incarcerated, appeals from the dismissal of his 42 U.S.C. § 1983 action. The district court dismissed his complaint, concluding that Griffin was barred from proceeding *in forma pauperis* ("IFP") because he had accumulated three "strikes" under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA"). *See Griffin v. Carnes*, No. 21-cv-11111, 2022 WL 1304463, at *1 (S.D.N.Y. May 2, 2022). Section 1915(g) bars a prisoner from proceeding IFP, absent a showing of imminent danger, if on three or more occasions while incarcerated, he has brought an action or an appeal that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

This appeal asks us to consider whether (1) a *res judicata* dismissal and (2) a dismissal of an entire complaint on several alternative grounds—one of which qualifies as a strike under existing precedent—can constitute strikes under Section 1915(g). We hold that they can and, in this case, do. We therefore affirm the district court's conclusion that Griffin was barred under the PLRA from proceeding IFP.

2

## BACKGROUND

Griffin, incarcerated and proceeding *pro se*, brought this action against Charles Carnes, the supervisor of the Town of Crawford, alleging that Carnes wrongfully fired him from his position as a town police officer.

Griffin moved for leave to proceed IFP. The district court ordered Griffin to show cause why his motion should not be denied under the PLRA's three strikes provision. *See Griffin v. Carnes*, No. 21-cv-11111, 2022 WL 523625, at *1 (S.D.N.Y. Feb. 22, 2022). Following his response, the district court denied Griffin's request, concluding that he had not alleged that he was "'under imminent danger of serious physical injury,'" 28 U.S.C. § 1915(g), and had accumulated three strikes based on the dismissals of prior claims and appeals he had by then pursued while incarcerated: *Griffin v. DiNapoli*, No. 16-cv-914, 2017 WL 3835334 (N.D.N.Y. Aug. 30, 2017) (*Griffin I*); *Griffin v. DiNapoli*, No. 17-2887, 2018 WL 11341638 (2d. Cir. Mar. 15, 2018) (*Griffin II*); *Griffin v. DiNapoli*, No. 21-cv-282, 2021 WL 5370057 (N.D.N.Y. Nov. 18, 2021) (*Griffin III*).

These prior actions centered on Griffin's claim that the New York State Comptroller unlawfully denied him disability benefits. First, in *Griffin I*, the district court granted the defendant's motion to dismiss under Federal Rule of

3

Civil Procedure 12(b)(6), holding that Griffin's claim (1) was barred by *res judicata* because he had unsuccessfully litigated his claim in state court; (2) was untimely under Section 1983's three-year statute of limitations; and (3) failed to allege facts sufficient to state a claim for relief. *See* 2017 WL 3835334, at *6–7.

Second, in *Griffin II*, we affirmed the dismissal of *Griffin I*, concluding that the appeal "lack[ed] an arguable basis in either law or in fact." 2018 WL 11341638, at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and citing 28 U.S.C § 1915(e)).

Finally, in *Griffin III*, the district court dismissed Griffin's claim as barred by *res judicata* because Griffin sought to relitigate the denial of his disability benefits. 2021 WL 5370057, at *1–2.

Based on these dismissals, the district court held that Griffin had accumulated three strikes and, therefore, was barred from proceeding IFP under Section 1915(g) of the PLRA. It dismissed Griffin's Section 1983 claim without prejudice and entered judgment on May 2, 2022. Griffin timely appealed.

## DISCUSSION

"The district court's decision that a certain type of dismissal constitutes a 'strike' for purposes of § 1915(g) is an interpretation of a federal statute . . . which

4

this Court reviews de novo." *Escalera v. Samaritan Vill.*, 938 F.3d 380, 381 (2d Cir. 2019) (per curiam) (internal citation omitted).

The PLRA's "three-strikes" provision provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## I.  *Griffin I*

In *Griffin I*, the district court granted the defendant's Rule 12(b)(6) motion to dismiss Griffin's claims, reasoning that they were, alternatively, barred by *res judicata*, untimely under the applicable statute of limitations, and failed to allege facts sufficient to state a claim. *See* 2017 WL 3835334, at *6–7. The district court correctly concluded that *Griffin I* constitutes a strike.

This Court has not yet addressed when a strike should accrue following a dismissal on alternative grounds. We agree with the Ninth Circuit's approach that a dismissal on alternative grounds constitutes a strike where one of the grounds for dismissal would independently justify a strike and was "a fully sufficient

5

condition" for dismissal of all claims. *O'Neal v. Price*, 531 F.3d 1146, 1155–56 (9th Cir. 2008).

The Ninth Circuit's reasoning is consistent with our decision in *Escalera v. Samaritan Village*, where, in addressing so-called mixed dismissals, we concluded that "a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA." 938 F.3d at 382 (quoting § 1915(g)). We reasoned that when some claims are dismissed on Section 1915(g) grounds and some claims are not, "counting a partial § 1915(g) dismissal as a strike could result in the anomalous situation where a prisoner succeeds on some claims yet still accrues a strike if others are dismissed on § 1915(g) grounds." *Id.*

In *Griffin I*, all the claims were dismissed on three alternative grounds, one of which qualifies as a Section 1915(g) strike under existing precedent. Specifically, the district court concluded that Griffin's claims were governed by a three-year statute of limitations, and that Griffin's complaint was filed well beyond that time period. It is settled law in this Circuit that a statute of limitations dismissal counts as a Section 1915(g) strike. *See Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018). Specifically, we held in *Akassy* that "the dismissal of a prisoner's action as time-barred, if based on the allegations in the complaint," counts as "a dismissal

6

for failure to state a claim on which relief may be granted within the meaning of [Section] 1915(g)." *Id.* Accordingly, that ground independently qualifies as a strike under *Akassy*, and, in *Griffin I*, provided "a fully sufficient condition" for dismissal. *O'Neal*, 531 F.3d at 1156. The district court therefore properly assessed a strike based on *Griffin I*.[1]

## II. *Griffin II*

In *Griffin II*, this Court dismissed Griffin's appeal from the district court's decision in *Griffin I*, concluding, under Section 1915(e), that his appeal "lack[ed] an arguable basis either in law or in fact." 2018 WL 11341638, at *2 (quoting *Neitzke*, 490 U.S. at 325 and citing 28 U.S.C. § 1915(e)). This dismissal counts as a strike because, as the Supreme Court explained in *Neitzke* and as we subsequently recognized in *Akassy*, "the very essence of frivolousness within the meaning of § 1915 is the lack of an arguable basis in law or in fact." *Akassy*, 887 F.3d at 96 (citing *Neitzke*, 490 U.S. at 325, 327–28).

---

[1] We noted in *Escalera* that it was an "open question . . . whether a 'failure to state a claim' dismissal under Federal Rule of Civil Procedure 12(b)(6) necessarily qualifies as a strike under the PLRA," *Escalera*, 938 F.3d at 383 n.5 (citing *Byrd v. Shannon*, 715 F.3d 117, 124 (3d Cir. 2013)). In light of our analysis above, we need not decide that issue today.

Griffin argues that he can accrue only one strike when both a complaint and the appeal of the dismissal of the complaint are dismissed on Section 1915(g) grounds. He is incorrect. A dismissal of an appeal as frivolous counts as a separate strike. *See Chavis v. Chappius*, 618 F.3d 162, 165, 167–69 (2d Cir. 2010). *Griffin II* is, accordingly, a strike.

### III. *Griffin III*

In *Griffin III*, Griffin sued the New York State Comptroller, again challenging the denial of his application for disability benefits. The district court dismissed Griffin's complaint *sua sponte* under 28 U.S.C. §§ 1915(e) & 1915A, ruling that it was barred by *res judicata*. *See Griffin III*, 2021 WL 5370057, at *1–2. In the proceedings below, the district court concluded a *res judicata* dismissal amounts to a strike under the PLRA. *See Griffin v. Carnes*, 2022 WL 1304463, at *3.

We have not addressed whether a *res judicata* dismissal can constitute a Section 1915(g) strike, but the other circuits that have addressed this question have uniformly ruled that it can. In *Gleash v. Yuswak*, the Seventh Circuit reasoned that a *res judicata* dismissal constituted a strike, where the affirmative defense of *res judicata* was "so plain from the language of the complaint and other documents in the district court's files that it render[ed] the suit frivolous." 308 F.3d 758, 760–62

8

(7th Cir. 2002).  Likewise, the Eighth Circuit has counted a *res judicata* dismissal as a strike under Section 1915(g) where the action barred by the defense was "based on the same claims and against the same defendants" as a previously dismissed action.  *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam).

Drawing on those cases, we agree that a *res judicata* dismissal can constitute a strike, at least where, as here, the ruling was based on the face of the complaint, and the action is plainly barred by *res judicata*.

First, this interpretation of Section 1915(g) is consistent with our interpretation of another subsection of the PLRA, Section 1915(e).  Section 1915(e) directs that a district court shall dismiss an action brought by a litigant proceeding IFP if, at any time, the court determines that it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(iii).  We have previously held that an action barred by *res judicata* may be properly dismissed under Section 1915(e) when a litigant proceeds IFP.  *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (per curiam) (citing 28 U.S.C. § 1915(e)(2)).

Section 1915(g) utilizes the same phrase; it provides that a strike accrues where a previous action or appeal was dismissed because it, among other reasons, "fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

9

The mirror-image language is significant: the Supreme Court has directed that courts should construe phrases consistently across two subsections of the PLRA. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). Accordingly, this Court's holding in *Cieszkowska* that an action barred by *res judicata* is subject to dismissal under Section 1915(e) suggests that a court may also count a *res judicata* dismissal as a strike under Section 1915(g). *See Cieszkowska*, 295 F.3d at 206.

Second, considering a *res judicata* dismissal as a strike under Section 1915(g) of the PLRA is consistent with our decision in *Akassy*. In *Akassy*, we concluded that a Rule 12(b)(6) dismissal based on a statute of limitations, another affirmative defense, was a strike. 887 F.3d at 95. We emphasized that a statute of limitations dismissal at the motion to dismiss stage is appropriate where the complaint's untimeliness is apparent on its face. In those circumstances, the statute of limitations dismissal signals that the action fails to state a claim upon which relief may be granted for purposes of Rule 12(b)(6), and there is "no reason" not to consider a time-barred dismissal as "a dismissal for failure to state a claim on which relief may be granted within the meaning of [Section] 1915(g)." *Id.*

The same is true of *res judicata*. Like a statute of limitations defense, "res judicata is a waivable defense that a court is nonetheless free to raise *sua sponte*"

10

and may consider on a Rule 12(b)(6) motion. *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam) (affirming *sua sponte* dismissal on *res judicata* grounds). Moreover, both statute of limitations and *res judicata* dismissals—at least where clear on the face of the complaint—further the PLRA's goal of helping to "staunch a flood of nonmeritorious prisoner litigation." *Lomax*, 140 S. Ct. at 1723 (internal quotation omitted).

We therefore hold, consistent with our sister circuits, that a *res judicata* dismissal can constitute a strike under the PLRA, at least where the defense was clear from the allegations in the complaint, and the action is plainly barred by *res judicata*. Those requirements are met here. Accordingly, the district court correctly considered *Griffin III* a strike for purposes of Section 1915(g).

In his brief, Griffin argues that *Griffin III* and *Griffin I* were wrongly decided and should not count as strikes. But Section 1915(g) does not provide Griffin an opportunity to relitigate his prior cases. We have considered Griffin's remaining arguments and conclude they are meritless. The district court correctly concluded that Griffin was barred by the PLRA's three strikes provision from proceeding IFP, and, therefore, properly dismissed his complaint.

11

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.