23-116-cv
*Robb v. Brewster, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-four.

PRESENT:     EUNICE C. LEE,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

JOSEPH ROBB,

    *Plaintiff-Appellant*,

      v.                                            No. 23-116-cv

JOSEPH BREWSTER; CITY OF
POUGHKEEPSIE; CITY OF
POUGHKEEPSIE POLICE DEPARTMENT,

    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Pamela J. Gabiger, Poughkeepsie, NY.

FOR DEFENDANTS-APPELLEES:     David L. Posner, McCabe & Mack LLP, Poughkeepsie, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Román, J.).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Joseph Robb ("Robb") appeals from the November 29, 2022, order of the District Court dismissing his complaint with prejudice. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On December 13, 2020, Robb brought this section 1983 action against defendants-appellees Officer Joseph Brewster, the City of Poughkeepsie, and the Poughkeepsie Police Department ("defendants") alleging that Officer Brewster had used excessive force in the course of arresting Robb in September 2015. Defendants moved to dismiss the complaint on several grounds including, inter alia, that Robb's claims were barred by the applicable statute of limitations. On April 18, 2022, the District Court granted defendants' motion to dismiss, concluding, as relevant here, that the action was time-barred on the face of the complaint and Robb had not pled facts sufficient to support tolling of the statute of limitations. See Robb v. Brewster, No. 7:20CV10521(NSR), 2022 WL 1137140, at *6 (S.D.N.Y. Apr. 18, 2022). The District Court granted Robb leave to file an amended complaint, advising counsel that any amended complaint should make "some showing of entitlement to the equitable tolling of the statute of limitations." Id. The

2

District Court set a deadline of May 18, 2022, for Robb to file an amended complaint and cautioned that his failure to do so would result in the dismissal of his claims with prejudice. See id. at *8.

Robb did not file an amended complaint in response to that order. On May 6, 2022, Robb filed a new, separate action in state court, which defendants later removed to the Southern District of New York. See Notice of Removal, Robb v. Brewster, No. 7:22CV04301(NSR) (S.D.N.Y. May 25, 2022) ("Robb II"). The Robb II complaint "is nearly identical to" the complaint in this action, naming "the same defendants" and "alleging the same claims related to the same incident." Robb II, No. 7:22CV04301(NSR), 2023 WL 3436105, at *1 (S.D.N.Y. May 12, 2023).[1]

On November 29, 2022, the District Court dismissed this action with prejudice because Robb had failed to file an amended complaint, or to show good cause for his failure to do so.[2] This appeal followed.

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014). "We review the

---

[1] Despite these obvious similarities, neither party moved to consolidate Robb II with this action in the District Court. On May 12, 2023, the District Court dismissed Robb II based on the doctrine of res judicata, and alternatively, based on the statute of limitations. See Robb II, No. 7:22CV04301(NSR), 2023 WL 3436105, at *2–3 (S.D.N.Y. May 12, 2023). Plaintiff filed two defective notices of appeal from that order, which were never cured. Accordingly, no appeal of Robb II has been brought to this Court.

[2] Indeed, Robb made no submissions at all in this action after the April 18, 2022, order of dismissal, until he first filed a (defective) notice of appeal on January 5, 2023.

grant of a Rule 12(b)(6) motion to dismiss de novo. We accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff." Specht v. City of New York, 15 F.4th 594, 599 (2d Cir. 2021) (citations and quotation marks omitted).

The complaint was properly dismissed as barred by the statute of limitations. The complaint asserts that the violation of Robb's rights occurred in September 2015. However, Robb did not file this complaint until December 2020 – more than two years after the applicable three-year statute of limitations for actions brought pursuant to 42 U.S.C. §1983 had expired. See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations."). Additionally, as the District Court observed, the complaint did not plead any facts that would support a finding of equitable tolling. Robb was given an opportunity to rectify that pleading deficiency by filing an amended complaint, and he (or his counsel) chose not to do so. Dismissal was therefore appropriate. See Griffin v. Carnes, 72 F.4th 16, 21 (2d Cir. 2023) ("[A] statute of limitations dismissal at the motion to dismiss stage is appropriate where the complaint's untimeliness is apparent on its face.").

On appeal, Robb argues that his complaint in Robb II should serve as an amended complaint in this action. See Appellant's Br. at 3, 6. Robb further contends that the Robb II complaint – which his counsel elected to file in state court – makes allegations sufficient to support tolling the statute of limitations. "Therefore," Robb asserts, "the Complaint was wrongfully dismissed and should be reinstated and this matter should proceed to trial." Id. at 4. This argument is meritless at best, and frivolous at worst. The

4

filing of a new action in state court simply does not "constitute[] filing of the Amended Complaint as directed" by the District Court. Id. at 3.

We have considered Robb's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court