22-2084
*Kaminski v. Kennedy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> *Circuit Judges*.

---

JOHN S. KAMINSKI,

     *Plaintiff-Appellant*,

     v.                          22-2084

DR. BYRON KENNEDY, DOC – Director of Medical, Official Capacity; DR. JOHNNY WRIGHT, DOC – Regional Medical Director, Official Capacity; DR. CORY FRESTON, DOC – Assistant Regional Director, Official Capacity; JEAN CAPLON, APRN, DOC Care Provider – MCI, Official Capacity,

     *Defendants-Appellees*,

STATE OF CONNECTICUT, C/O Attorney General William Tong; ANGEL QUIROS, Commissioner, DOC; DR. ANDREW AGWUNOBI, Chief Executive Officer, UConn Health Center/John Dempsey Hospital,

*Defendants.*[*]

_____

For Plaintiff-Appellant:                       ROBERT HODGSON (Christopher Thomas Dunn, *on the brief*), New York Civil Liberties Union, New York, NY.

For Defendants-Appellees:              MICHAEL SKOLD (Zenobia G. Graham-Days, Evan McDonald O'Roark & Samantha C. Wong, *on the brief*), Connecticut Office of the Attorney General, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A. L. Merriam, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John S. Kaminski appeals from a judgment of the United States District Court for the District of Connecticut (Merriam, *J.*) revoking his *in forma pauperis* ("IFP") status based on the Prison Litigation Reform Act's ("PLRA") three-strikes rule, *see* 28 U.S.C. § 1915(g), and dismissing his amended complaint for failure to pay the filing fee. The district court held that three prior actions—each initiated by Kaminski in the District of Connecticut—constituted "strikes" under the PLRA, and that Kaminski could not benefit from the PLRA's "imminent danger" exception, such that Kaminski was precluded from proceeding IFP in the instant litigation. On appeal, Kaminski challenges the district court's holding with respect to one of these prior actions, *Kaminski v. Colon*, No. 3:18-cv-2099 ("*Colon*"), arguing that some claims in *Colon* were dismissed only for lack of subject-matter jurisdiction and that the action therefore does not qualify as a "strike" under the PLRA. He also contests the district court's holding as to the imminent danger exception. For the following reasons, we disagree and affirm the district court's

_____

[*]  The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

judgment.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* "a district court's denial of IFP status," *Shepherd v. Annucci*, 921 F.3d 89, 93 (2d Cir. 2019), as well as "[t]he district court's decision that a certain type of dismissal constitutes a 'strike' for purposes of § 1915(g)," *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (citation omitted).    In conducting this review, we construe a *pro se* prisoner's "complaint liberally," interpreting it "to raise the strongest arguments that it suggests."[1]    *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal alterations, quotation marks, and citation omitted).

## I.    Kaminski's Three Strikes

Under the PLRA's three-strikes rule, a prisoner is barred from proceeding IFP if he "has, on 3 or more prior occasions," brought an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."    28 U.S.C. § 1915(g).    The parties agree, for purposes of this appeal, that the prior dismissals in *Kaminski v. Oniyuke*, No. 3:19-cv-58, and *Kaminski v. Semple*, No. 3:19-cv-143, both constitute "strikes" under § 1915(g).    They disagree, however, as to whether all claims brought in *Colon* were dismissed on an enumerated § 1915(g) ground—namely, failure to state a claim—or whether some of the claims were dismissed only for lack of subject-matter jurisdiction.    The district court took the former view, holding that Kaminski "had at least three actions dismissed for failure to state a claim," including *Colon*, and was therefore "subject to the three-strikes rule."    JA-145.    We agree.

---

[1] Kaminski represented himself *pro se* in the proceedings below and is therefore entitled to liberal construction of his amended complaint.

A prior dismissal qualifies as a "strike" only where the *entire* "action or appeal" was "dismissed as frivolous, malicious, or for failure to state a claim." *Escalera v. Samaritan Vill.*, 938 F.3d 380, 381–82 (2d Cir. 2019) (internal emphasis, quotation marks, and citation omitted). Thus, "a mixed dismissal," in which claims are dismissed "on both § 1915(g) and non-§ 1915(g) grounds," does not constitute a strike. *Id.* at 384. However, where a dismissal rests on "several alternative grounds" for one or more claims, it counts as a strike if each claim brought in the lawsuit is dismissed on a basis that "would independently justify a strike." *Griffin v. Carnes*, 72 F.4th 16, 18–19 (2d Cir. 2023) (citation omitted). In evaluating the basis for a prior dismissal, we focus "on the reason given by the court that dismissed the claim rather than on [our] analysis of the true reason for dismissal." *Burns v. Schell*, No. 20-3883, 2023 WL 1113215, at *2 (2d Cir. Jan. 31, 2023) (summary order). Section 1915(g), in other words, "does not provide [the prisoner] an opportunity to relitigate his prior cases," *Griffin*, 72 F.4th at 21, and we will not "second-guess" the dismissing court's determinations on appeal from a denial of IFP status, *Burns*, 2023 WL 1113215, at *2.

Here, the *Colon* court held in relevant part that "Kaminski's entire complaint appear[ed] to be an invitation . . . to review the state court's dismissal of his civil actions" and that his federal complaint therefore ran afoul of the *Rooker-Feldman* bar. JA-124–25. The state-court actions to which the *Colon* court referred were brought against various prison officials and resulted in judgments of dismissal by the Connecticut Superior Court. The *Colon* court invoked the *Rooker-Feldman* doctrine because, in its view, the complaint improperly "invite[d] [the *Colon* court] to review the same claims raised in the state actions and the judgments rendered therein." JA-125.

We need not decide whether the *Colon* court correctly invoked *Rooker-Feldman* or whether a dismissal under *Rooker-Feldman*, standing alone, would qualify as a "strike" under § 1915(g).

Our focus "on the reason[s] given by the [*Colon*] court . . . for dismissal," *Burns*, 2023 WL 1113215, at \*2, leads us to conclude that *Rooker-Feldman* was merely an alternative basis for dismissing those same claims that the *Colon* court already found to be inadequately alleged. The *Colon* court construed Kaminski's complaint to allege three claims: (1) an Eighth Amendment claim for deliberate indifference, based in part on the defendants' alleged failure to timely discover a broken screw left in his back brace as a result of a failed surgery; (2) a procedural due process claim under the Fourteenth Amendment; and (3) a spoliation of evidence claim under state law. Each of these claims was dismissed on an enumerated ground before the *Colon* court even reached its *Rooker-Feldman* analysis. The latter two—*i.e.*, the claims for procedural due process and spoliation of evidence—were dismissed as untimely, which "counts as a dismissal for failure to state a claim . . . within the meaning of Section 1915(g)," *Griffin*, 72 F.4th at 19 (internal alteration, quotation marks, and citation omitted).[2] Kaminski's Eighth Amendment claim based on the delay in discovering a broken screw—while timely—was improperly asserted, as Kaminski neither alleged "how, if at all, any of the defendants . . . were involved in delaying the follow-up appointment where the discovery occurred," nor "facts which would support an inference that the delay in discovering the broken screw resulted in any further harm."[3] JA-124.

---

[2] The *Colon* court also dismissed as untimely the aspect of Kaminski's Eighth Amendment claim for deliberate indifference arising from injuries sustained during transport to and from a medical facility.

[3] As an alternative to his *Rooker-Feldman* argument, Kaminski disputes whether the *Colon* court dismissed this Eighth Amendment claim on an enumerated ground. Kaminski's argument is premised on a purported ambiguity in the *Colon* court's decision—*i.e.*, the dismissal of the Eighth Amendment claim for lack of personal involvement—which, in Kaminski's view, could have constituted a dismissal on immunity grounds. *See Mills v. Fischer*, 645 F.3d 176, 177 n.2 (2d Cir. 2011) (noting that each of the grounds contained in 28 U.S.C. § 1915(e)(2)(B) is sufficient to accumulate a strike, except for "the third ground of 'seeking monetary relief against a defendant who is immune from such relief'" under § 1915(e)(2)(B)(iii)) (internal alteration omitted).

Even if the district court's language were a reference to immunity, as Kaminski suggests, his argument still fails. The district court made explicit that its dismissal of this Eighth Amendment claim was for Kaminski's failure to plead both personal involvement *and* "facts which would support an inference that

Only once these claims were dismissed for failure to state a claim did the *Colon* court consider the impact of the earlier state-court judgments on the viability of Kaminski's federal complaint. In doing so, the *Colon* court provided no basis from which we could infer that the *Rooker-Feldman* holding reached claims separate from those that were already dismissed. To the contrary, the *Colon* court meticulously catalogued each of the claims brought in Kaminski's complaint; conspicuously absent from that list is any suggestion that Kaminski also asserted a separate claim arising out of the earlier state-court judgments.

Certain language in the *Colon* court's *Rooker-Feldman* analysis reinforces this conclusion. The *Colon* court, for example, found that the *Rooker-Feldman* bar encompasses Kaminski's "entire complaint," JA-124, which the *Colon* court had—mere sentences earlier—interpreted to consist of deliberate indifference, procedural due process, and spoliation of evidence claims. Further, at the conclusion of its *Rooker-Feldman* analysis, the *Colon* court held that it "lack[ed] jurisdiction over the . . . case," emphasizing Kaminski's "Fourteenth Amendment and spoliation claims" in particular. JA-125. The *Colon* court's reference to the claims it had identified earlier in the order of dismissal—and then proceeded to dismiss for failure to state a claim—convinces us that *Rooker-Feldman* was an "alternative ground[]" for dismissing those same claims. *Griffin*, 72 F.4th at 18.

Thus, without regard to *Rooker-Feldman*, the district court correctly identified Kaminski's filing as barred by the three-strikes rule.

---

the delay in discovering the broken screw resulted in any further harm." JA-124. Kaminski does not claim that the latter basis was anything but a dismissal for "fail[ure] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Thus, there was one "fully sufficient condition"—i.e., failure to state a claim—for dismissal of this Eighth Amendment claim. *Griffin*, 72 F.4th at 19 (internal quotation marks and citation omitted).

## II. "Imminent Danger" Exception

Kaminski next challenges the district court's application of the "imminent danger" exception, arguing that he has plausibly alleged physical danger stemming from Defendants-Appellees' refusal to provide him with third-party medical treatment. Under the PLRA, a prisoner who has accrued three strikes can still proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for this exception, Kaminski must plausibly allege: "(1) that there is a danger to his physical well-being; (2) that the danger existed at the time the complaint was filed . . .; and (3) that the danger is fairly traceable to the unlawful conduct asserted in the complaint." *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020) (summary order) (internal alterations, quotation marks, and citations omitted).

Below, Kaminski claimed that he was in imminent danger of being forced to undergo surgery by doctors affiliated with the Department of Corrections. Apparently abandoning this framing of his injury on appeal, Kaminski's imminent danger argument now focuses on the risk of "further deterioration" of his spinal injuries "if [Defendants-Appellees] do not provide him with . . . surgical intervention" by a third-party provider outside of the health care facility where he underwent his prior surgeries. Appellant's Br. at 22. This articulation of Kaminski's injury, however, is insufficient to plausibly allege "a danger to his physical well-being." *McFadden*, 827 F. App'x at 24. To start, Defendants-Appellees are not declining to provide Kaminski medical care, including surgical intervention. Further, while they have not committed to sending Kaminski to a different health care *facility*, there is no record evidence that the surgeons who previously operated on Kaminski—and allegedly caused the injuries of which he complains in this litigation—would perform the surgery Kaminski now requires or would otherwise be involved in his care. Counsel for Defendants-Appellees confirmed this at oral argument. Oral Arg. Audio

at 25:25–26:15; *see also* Appellees' Br. at 3 (same).   Thus, on this record, we are compelled to conclude that Kaminski is not "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

Therefore, the district court committed no error in revoking Kaminski's IFP status and dismissing his amended complaint for failure to pay the filing fee.

*       *       *

We have considered Kaminski's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk